## No. 2520.—A. Marrero *v.* Jacob Barker et al.

An appeal will lie from an interlocutory decree dismissing a rule taken to dissolve an injunction which has been granted to stay proceedings by executory process, if the petition for injunction puts at issue the validity and correctness of the order of seizure itself. In such a case an irreparable injury might follow, and an appeal will therefore lie.

If the act of mortgage has been partially destroyed by fire, by the destruction by fire of the office of the notary who was the custodian thereof, but the original document is sufficiently preserved so that its purport and extent is easily comprehended, words used by the notary in his certificate explaining how certain defects occurred will not so change its character from that of an authentic document to that of an act under private signature that the judge can not issue executory process thereon.

APPEAL from the Second Judicial District Court, parish of St. Bernard. *Pardee,* J. *Sambola & Ducros,* for plaintiff and appellant. *Preston & Labatt,* for defendants and appellees.

Howell, J. The plaintiff having enjoined an executory process on several grounds, the defendant, Barker, moved to dissolve the injunction with damages, and from the judgment dismissing his rule, this appeal is taken.

It is urged in argument by plaintiff that this is a mere interlocutory decree, from which no appeal lies. As a rule, this position is correct, but where the judgment practically decides the issue, and has the effect of maintaining the grounds of the injunction, which go to the marrow of the executory process, irreparable injury may result, and in consequence an appeal lies from the judgment refusing to dissolve the injunction.

In this case, the petition for an injunction is virtually an opposition to the executory proceeding, and the rule to dissolve may be viewed as an answer, putting at issue all the grounds in the petition, and in disposing of the rule, the district judge passed on all those grounds, and decided that the executory process did not issue upon authentic evidence. His judgment leaves nothing more to be decided in the injunction suit, and operates a perpetual bar to any further proceedings in the executory suit. It is really a decision of the injunction upon its merits. In the case of Riley *v.* Lynd, 3 M. 229, an appeal from a similar decree was maintained. We quote the language of the court on this point as appropriate here: "A previous question is raised by the appellee as to the jurisdiction of this court. He contends that this is not a case of which we can take cognizance, inasmuch as the order complained of is not a final judgment. The law has, indeed, limited the jurisdiction of this court to appeals from final decisions and judgments, and this court, in conformity thereto, has already refused to take cognizance of appeals from interlocutory decrees; but at the same time they have declared that, as to what shall be considered as a final decision or judgment, each case must speak for itself. When an order, not strictly in the form of a final judgment, is in its effect tantamount to it, this court has and will exercise jurisdic-

tion. That this is such a case, needs not to be demonstrated. On the one hand, the judgment rendered in favor of appellant is a dead letter if the decree complained of is suffered to subsist; on the other, the appellant is barred from bringing any other action for the same cause against the appellee, for his case is already adjudged. No decision can be more effectually final; it is therefore a proper subject for the jurisdiction of this court."

The district judge considered the copy of the act of mortgage in this case unauthentic because to his certificate that it is a true copy, the notary has added exceptions and limitations showing that it is not a true copy. It reads:

"I, John Bendernagle, a notary public in and for the parish of Orleans, and custodian of the records of Hugh Madden, (notary, deceased,) duly commissioned and qualified, do certify the foregoing to be a true and correct copy of the original act in the records of Hugh Madden, (notary, deceased,) except such parts as are obliterated by being burned by fire, which destroyed said notary (Madden's) office, which parts are marked on the copy thus (*)."

This means that the certified copy is a true copy of the original as it now exists, but that the original itself is injured, or to some extent defaced by the fire, which destroyed the notary's office, and the only proper question is, is it an authentic act of mortgage for the debt evidenced by the notes accompanying it or identified with it, affecting the property ordered to be seized, and available in the hands of third holders of said notes? It is authentic, because it is passed or executed before a notary and two witnesses, and the obliterations are not such as leave any doubt about the debt secured, the notes evidencing the debt, the description of the property mortgaged, and effect of that mortgage as importing a confession of judgment in favor of any holder of the notes. These, the material and essential recitals, being contained in the act, the unessential and immaterial words defaced do not affect the validity of the act. We can not concur in the opinion of the district judge that the "additions" in the certificate of the notary, as they appear, destroy the sufficiency of the certificate or authenticity of the evidence on which the order of seizure and sale was granted. The copy certified by him is not an exact, literal copy of the original as it was when first executed, but is of that now existing, and this original is an authentic act. He used words in his certificate to show how certain defects appeared, and how they occurred. If he was not authorized to certify to this last fact, it may be considered as surplusage, and will not affect the validity of the act as making proof of the original as it really exists.

We are satisfied that the injunction should be dissolved, and the defendant, Barker, permitted to proceed with his executory process.

Marrero v. Barker et al.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the rule taken by defendant be made absolute, and the injunction herein be dissolved, with a judgment against the plaintiff, Marrero, and his surety, *in solido*, for ten per cent. on the amount of the judgment enjoined, as damages, and costs in both courts.

Rehearing refused.